# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE BAKER,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JOHN SMUKE, TYSHA, and TOM D. GREE,** <br><br> **Defendants.** | Case No. 3:19-CV-491-NJR-RJD |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On May 9, 2019, Plaintiff Donnie Baker filed a *pro se* civil rights Complaint (Doc. 1) alleging his constitutional rights were violated when he did not get his tax refund. Baker also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Baker's motion for IFP

requires the undersigned District Judge to closely review the allegations of his petition.

The undersigned is cognizant that courts must construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). "District courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

As best the Court can tell, Baker is alleging that he worked for Nexus Employment Solutions, presumably a temporary employment agency that placed him at three companies in Manteno and Kankakee, Illinois (Doc. 1). Baker then alleges that Defendants—executives or managers at these three companies—did not send him his "tax refund" (*Id.*). As relief, Baker asks for $500,000 in compensatory damages and $500,000 in punitive damages.

Baker's allegations fail to state a valid claim under federal law.[1] A claim for a tax refund must first be filed with the Secretary of Treasury before a lawsuit for a refund may be commenced, 26 U.S.C. § 7422(a), and there is no allegation in Baker's Complaint that

---

[1] This also appears to be the wrong venue for Baker's lawsuit under 28 U.S.C. § 1391(b). On May 16, 2019, the Court directed Baker to supplement his Complaint with information regarding Defendants' residence (Doc. 5), but he failed to do so.

he did so. Nor is there any allegation that he is even entitled to a tax refund. If he is, the proper defendant would be the United States, not the individual executives and managers at the companies where he worked. *See* 28 U.S.C. § 1346(a).

Even broadly construing Baker's claims and presuming he meant that Defendants failed to send him a W-2, Baker's suit still must be dismissed. It is firmly established that the failure to provide a W-2 creates liability on the part of an employer to the United States—not to the employee. *See* 26 U.S.C. § 6051. In other words, an individual citizen has no right to sue over an employer's failure to provide a W-2. Instead, the Internal Revenue Service can assess penalties against the employer. *See* 26 U.S.C. § 6722*; Watson v. Johnny O's Inc.*, No. 5:12 CV 1083, 2012 WL 2505949, at *2 (N.D. Ohio June 28, 2012) (any civil or criminal penalties assessed against employer for a violation of 26 U.S.C. § 6051 would inure to the IRS, not the plaintiff); *Rumfelt v. Jazzie Pools, Inc.*, No. 1:11CV217 JCC TCB, 2011 WL 2144553, at *3 (E.D. Va. May 31, 2011) (dismissing claim that employer failed to provide a W-2 because 26 U.S.C. § 6722 provides no private right of action); *Katzman v. Essex Waterfront Owners LLC*, No. 09 Civ. 7541, 2010 WL 3958819, at *3 (S.D.N.Y. Sept. 29, 2010) (no private right of action exists for failure to provide a W-2).

Even if Baker could sue an employer for failing to provide a W-2, he has not alleged that any damages accrued from Defendants' conduct here. And there certainly is no basis for a claim that his constitutional rights were violated. Accordingly, Baker's Complaint must be dismissed. *See Williams v. Secure Res. Commc'ns*, No. 11 CIV. 03986 PAC, 2011 WL 8199938, at *2 (S.D.N.Y. Sept. 26, 2011), *report and recommendation adopted in part*, No. 11 CIV. 03986 PAC, 2012 WL 2864519 (S.D.N.Y. July 12, 2012).

Because Baker has alleged no facts stating a plausible claim for relief, his Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED**, and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Out of an abundance of caution, the Court advises Baker as follows. If Baker wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Baker chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Baker files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Baker wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw.*

*Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Baker showing excusable neglect or good cause.

If Baker chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Baker cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1). The IFP motion must set forth the issues Baker plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly

payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   June 20, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**